# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM SHERRATT,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BRAITHWAITE, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 4:23-cv-00076-DN-JCB<br><br>District Judge David Nuffer<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are: (1) Defendants Judge Robert Braithwaite ("Judge Braithwaite"), Judge Matthew Bell ("Judge Bell"), Judge Ann Marie McIff Allen ("Judge Allen"), Judge Michael Westfall ("Judge Westfall"), Judge Keith Barnes ("Judge Barnes"), Patrick Nolan ("Mr. Nolan"), Mark Shurtleff ("Mr. Shurtleff"), John Swallow ("Mr. Swallow"), Sean Reyes ("Mr. Reyes"), Erin Riley ("Ms. Riley"), Heather Chesnut ("Ms. Chesnut"), the Utah Fifth District Court, and the Utah Attorney General's Office's (collectively, "State Defendants") motion to dismiss;[2] and (2) Defendants Scott Burns ("Mr. Burns"), David Doxey ("Mr. Doxey"), Mark Gower ("Mr. Gower"), Trajan Evans ("Mr. Evans"), Scott Garrett ("Mr. Garrett"), and the Iron County Attorney's Office's (collectively, "Iron County Defendants") motion for judgment

---

[1] ECF No. 16.

[2] ECF No. 26.

on the pleadings.[3] Based upon the analysis set forth below, the court recommends granting both motions and dismissing this case with prejudice.

## BACKGROUND

On March 24, 2000, pro se Plaintiff William Sherratt ("Mr. Sherratt") was convicted by a jury in Utah State Fifth District Court of two counts of rape.[4] Mr. Sherratt's presentence report recounted Mr. Sherratt's offenses against the victim, which began in 1993 and ended in 1995 when the victim was 15 years old.[5] On May 23, 2000, Judge Braithwaite sentenced Mr. Sherratt to prison for a term of five years to life for each of his two counts of rape, which were to run concurrently.[6] The same day, Judge Braithwaite issued an "Order of Bail or Commitment or Release," which indicated that Mr. Sherratt's sentence was "5-life."[7] That order identified each of the two charges as "Rape of a Child."[8] On May 25, 2000, the minutes of Mr. Sherratt's sentencing were filed, which identified Mr. Sherratt's charges as "RAPE OF A CHILD."[9] Judge Braithwaite issued a "Judgment, Sentence, and Commitment" on May 30, 2000, which reiterated Mr. Sherratt's sentence of two concurrent terms of five years to life for First Degree Felony

---

[3] ECF No. 34.

[4] ECF No. 22-1 at 7 of 201.

[5] *Id.* at 57-82 of 201.

[6] *Id.* at 101-02 of 201.

[7] *Id.* at 30 of 201.

[8] *Id.*

[9] *Id.* at 32-33 of 201.

Rape.[10] Mr. Sherratt subsequently appealed his conviction, and the Utah Court of Appeals affirmed it on June 28, 2001.[11]

Mr. Sherratt initiated this case in Utah State Fifth District Court,[12] and the State Defendants and the Iron County Defendants subsequently removed it to this court.[13] Mr. Sherratt's amended complaint includes a host of allegations against the State Defendants and the Iron County Defendants, which are summarized below.

Mr. Sherratt alleges that he was defamed when Judge Braithwaite entered orders characterizing Mr. Sherratt's offenses as "rape of a child."[14] Mr. Sherratt also alleges that his rights were violated when Judge Braithwaite "ignored" an individual's admission to the rapes of which Mr. Sherratt was accused when Judge Braithwaite was considering Mr. Sherratt's habeas corpus petition.[15] Mr. Sherratt further asserts that Judge Braithwaite stated that he would correct the "commitment orders" but failed to do so before sending them to the Utah Board of Pardons and Parole.[16]

Mr. Sherratt goes on to allege that the judges who decided his criminal and civil cases violated his rights when they referred to or relied upon the court records related to his

---

[10] *Id.* at 105-07 of 201.

[11] *State v. Sherratt*, No. 20000532-CA, 2001 WL 723251 (Utah Ct. App. June 28, 2001) (unpublished).

[12] ECF No. 2-3.

[13] ECF No. 2.

[14] ECF No. 22-1 at 24 of 201.

[15] *Id.* at 14 of 201.

[16] *Id.* at 24 of 201.

conviction.[17] Mr. Sherratt claims that Judge Westfall and Judge Barnes "support[ed] libel" when they relied upon Judge Braithwaite's orders and denied Mr. Sherratt habeas relief.[18] Mr. Sherratt asserts that his rights were violated when Judge Bell characterized Mr. Sherratt's offenses as "rape of a child" when denying Mr. Sherratt's motion to strike a restitution order.[19] Mr. Sherratt contends that his rights were violated when Judge Allen denied his challenge to Judge Bell's order and his motion to disqualify Judge Bell.[20]

Mr. Sherratt also alleges that every attorney who represented the State of Utah in his civil and criminal cases violated his rights when they used the phrase "rape of a child" in court filings. Mr. Sherratt asserts that his rights were violated when Ms. Riley and Mr. Swallow relied upon court records from Mr. Sherratt's criminal case and used the phrase "rape of a child" in a filing opposing Mr. Sherratt's habeas petition in the Utah Supreme Court.[21] Mr. Sherratt contends that Ms. Chesnut violated his rights when, in a motion for summary judgment she filed in Utah State Third District Court, she wrote that "[f]or the better part of the last twenty-two years, [Mr.] Sherratt has been trying to overturn his jury conviction for rape of a child, claiming he is innocent," and that "[Mr.] Sherratt received an indeterminate sentence of 5 years to life in prison following his conviction of rape of a child."[22] Mr. Sherratt appears to also contend that Mr. Reyes was somehow involved with that motion for summary judgment, even though he did not

---

[17] *Id*. at 16-17, 20 of 201.

[18] *Id*. at 16 of 201.

[19] *Id*. at 17-18 of 201.

[20] *Id*. at 18 of 201.

[21] *Id*. at 16-17 of 201.

[22] *Id*. at 199 of 201.

sign the motion and was identified only in the caption as the Utah Attorney General.[23] Although Mr. Sherratt's allegations against Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett are sparse, it is clear from Mr. Sherratt's amended complaint and its attached exhibits that they were somehow involved in his prosecution, which Mr. Sherratt believes violated his rights.

Based upon those allegations, Mr. Sherratt appears to assert claims: (1) under 42 U.S.C. §§ 1983 and 1985 for violations of the United States Constitution; (2) for libel; and (3) for violations of the Utah Constitution.[24] The State Defendants moved to dismiss Mr. Sherratt's claims against them for failure to state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[25] The Iron County Defendants filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), also seeking dismissal of Mr. Sherratt's claims against them for failure to state claims upon which relief can be granted.[26]

## LEGAL STANDARDS

Motions for judgment on the pleadings under Rule 12(c) are governed by the same legal standards as motions to dismiss under Rule 12(b)(6).[27] When considering whether to dismiss under Rule 12(b)(6), the court "accept[s] as true the well[-]pleaded factual allegations [in the complaint] and then determine[s] if the plaintiff has provided 'enough facts to state a claim to

---

[23] *Id*. at 198 of 201.

[24] *Id*. at 24-26 of 201.

[25] ECF No. 26.

[26] ECF No. 34.

[27] *Irby v. Jefferson Ins. Co.*, No. 2:24-CV-00094-MIS-JHR, 2024 WL 3252803, at *5 (D.N.M. July 1, 2024) (stating that "Rule 12(c) motions are reviewed under the same standards as Rule 12(b)(6) motions").

relief that is plausible on its face.'"[28] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[29] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[30]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[31] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[32] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[33] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[34] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the

---

[28] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[29] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[30] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[31] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[33] *Id.*

[34] *Twombly*, 550 U.S. at 555.

allegations, if proven, show that the plaintiff is entitled to relief.[35] The court also notes that it must liberally construe pro se pleadings when applying the foregoing standards, but the liberal construction standard does not "relieve a pro se plaintiff of his burden to present sufficient facts to state a legally cognizable claim."[36]

Under the Rule 12(b)(6) analysis, a court should generally consider only the contents of the complaint.[37] However, courts may also rely on documents adopted by reference in the complaint, documents attached to the complaint, and facts that may be judicially noticed.[38]

## ANALYSIS

The court should grant the State Defendants' motion to dismiss and the Iron County Defendants' motion for judgment on the pleadings because: (I) Mr. Sherratt's official-capacity claims under §§ 1983 and 1985 fail because none of the State Defendants or the Iron County Defendants is a "person" subject to liability under those provisions; (II) Judge Braithwaite, Judge Bell, Judge Allen, Judge Westfall, and Judge Barnes are entitled to absolute judicial immunity; (III) Mr. Swallow, Ms. Riley, Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett are entitled to absolute prosecutorial immunity; (IV) Mr. Reyes and Ms. Chesnut are entitled to absolute immunity as state advocates; (V) Mr. Sherratt's libel claims are barred; and (VI) Mr. Sherratt's

---

[35] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

[36] *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 623-24 (10th Cir. 2018).

[37] *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *see also* Fed. R. Civ. P. 12(d).

[38] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

amended complaint fails to satisfy the minimum pleading standards of Rule 8 with respect to Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, Mr. Garrett, Mr. Sherratt's claims under §§ 1983 and 1985 for violations of the United States Constitution, and Mr. Sherratt's claims for violations of the Utah Constitution. Each issue is addressed in order below.

I. **Mr. Sherratt's Official-Capacity Claims Under §§ 1983 and 1985 Fail Because None of the State Defendants or the Iron County Defendants Is a "Person" Subject to Liability Under Those Provisions.**

Because none of the State Defendants or the Iron County Defendants is a "person" subject to liability under §§ 1983 or 1985, Mr. Sherratt's official-capacity claims under those provisions fail. Sections 1983 and 1985 provide remedies against "persons."[39] "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[40] That holding applies equally to § 1985.[41] Because the State Defendants and the Iron County Defendants are all either governmental entities that are arms of the State of Utah or state officials acting in their official capacities, Mr. Sherratt's official-capacity claims under §§ 1983 and 1985 should be dismissed with prejudice.

---

[39] 42 U.S.C. § 1983 (providing that it applies to "[e]very person" who violates its provisions); 42 U.S.C. § 1985 (providing that it applies to "two or more persons" who violate of its provisions).

[40] *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

[41] *See, e.g.*, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991); *Santiago v. N.Y. Dep't of Corr. Servs.*, 725 F. Supp. 780, 783 (S.D.N.Y. 1989), *rev'd on other grounds*, 945 F.2d 25 (2d Cir. 1991); *Weathers v. West Yuma County Sch. Dist. R-J-1*, 387 F. Supp. 552, 555-56 (D. Colo. 1974).

## II. Judge Braithwaite, Judge Bell, Judge Allen, Judge Westfall, and Judge Barnes Are Entitled to Absolute Judicial Immunity.

Mr. Sherratt's claims against Judge Braithwaite, Judge Bell, Judge Allen, Judge Westfall, and Judge Barnes are barred by absolute judicial immunity. "Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority."[42] This immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[43] "[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."[44] "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity."[45]

Mr. Sherratt complains about certain actions taken by Judge Braithwaite, Judge Bell, Judge Allen, Judge Westfall, and Judge Barnes. Although Mr. Sherratt has his own characterization of those actions, they were all unquestionably undertaken in a judicial capacity and within each judge's jurisdiction. Thus, Mr. Sherratt's claims against those judges are barred by absolute judicial immunity and, therefore, should be dismissed with prejudice.

---

[42] *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990); *see also Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (per curiam).

[43] *Mireles*, 502 U.S. at 10 (quotations and citation omitted).

[44] *Id*. at 11.

[45] *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006).

### III. Mr. Swallow, Ms. Riley, Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett Are Entitled to Absolute Prosecutorial Immunity.

Because Mr. Swallow, Ms. Riley, Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett's actions about which Mr. Sherratt complains were undertaken in their roles as prosecutors, they are entitled to absolute prosecutorial immunity. The United States Supreme Court has held "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."[46] More specifically, the Supreme Court has held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."[47]

Mr. Sherratt alleges that his rights were violated when Ms. Riley filed a motion on behalf of the State of Utah in a habeas case in the Utah Supreme Court. Mr. Sherratt also alleges that Mr. Swallow's signature on that motion provides a basis for naming Mr. Swallow as a defendant in this case. As for Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett, all of Mr. Sherratt's allegations concern actions those individuals took related to the prosecution of Mr. Sherratt in his state criminal case. Thus, Mr. Sherratt's allegations against those individuals relate to their actions undertaken in their roles as prosecutors and as advocates for the State of Utah. Therefore, Mr. Swallow, Ms. Riley, Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett are entitled to

---

[46] *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007) ("Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983.").

[47] *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (quotations and citation omitted).

absolute prosecutorial immunity, and Mr. Sherratt's claims against them should be dismissed with prejudice.

**IV.     Mr. Reyes and Ms. Chesnut Are Entitled to Absolute Immunity as State Advocates.**

Because Mr. Sherratt's allegations about Mr. Reyes and Ms. Chesnut relate to their actions as advocates for the State of Utah, they are entitled to absolute immunity from Mr. Sherratt's claims against them. Absolute immunity has been extended beyond the criminal realm to include government attorneys defending civil lawsuits.[48] More specifically, absolute immunity has been applied when government attorneys engage in litigation functions undertaken in their official capacity, such as defending against a civil lawsuit.[49] For example, the Tenth Circuit has held that

> a government defense attorney who, in the course of a civil adjudication, prepares a motion and arranges for the presentation of evidence on the court record by way of affidavit in support of the motion, is absolutely immune from a collateral § 1983 suit for damages based on the filing of such motion and affidavit.[50]

Mr. Sherratt asserts that Mr. Reyes and Ms. Chesnut violated his rights when, in defending a state civil case, they filed a motion for summary judgment that referenced Mr. Sherratt's conviction for "rape of a child." That action falls squarely within the type of absolute

---

[48] *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1371-72 (10th Cir. 1991); *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986).

[49] *Jenner v. Brightwell*, No. 14-CV-00916-RBJ-KMT, 2015 WL 1042065, at *5 (D. Colo. Mar. 6, 2015) ("[A]bsolute immunity applies to protect government counsel for their actions in defending civil suits."); *Van Deelen v. City of Kansas City, Mo.*, No. CIV.A. 05-2028, 2005 WL 3050151, at *9 (D. Kan. Nov. 14, 2005) ("Thus, absolute immunity affords protection from Section 1983 damage actions to city attorneys acting in their official capacities in defense of civil suits.").

[50] *Benavidez v. Howard*, 931 F.3d 1225, 1232 (10th Cir. 2019).

immunity for government attorneys described above. Therefore, Mr. Sherratt's claims against Mr. Reyes and Ms. Chesnut should be dismissed with prejudice.

V. **Mr. Sherratt's Libel Claims Are Barred.**

Mr. Sherratt's libel claims are barred by: (A) Utah's judicial proceedings privilege and (B) the Utah Governmental Immunity Act ("UGIA"). Each reason is discussed in order below.

A. <u>Mr. Sherratt's Libel Claims Are Barred by Utah's Judicial Proceedings Privilege</u>.

Mr. Sherratt's libel claims are barred by Utah's judicial proceedings privilege. Fed. R. Evid. 501 governs claims of privilege in federal court and provides that "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege" unless the United States Constitution, a federal statute, or United States Supreme Court rules provide otherwise. Rule 501 further provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Because Mr. Sherratt's libel claims arise under Utah law, the court looks to Utah law for claims of privilege.

Utah's judicial proceedings privilege includes claims arising from statements made in judicial proceedings and attorney conduct during judicial proceedings.[51] "The privilege thus embraces the principle that an attorney acting within the law, in a legitimate effort to zealously advance the interests of his client, shall be protected from civil claims arising due to that zealous representation."[52] The elements of the privilege require that the statement must have: (1) "been made during or in the course of a judicial proceeding"; (2) "some reference to the subject matter

---

[51] *Moss v. Parr Waddoups Brown Gee & Loveless*, 285 P.3d 1157, 1165-66 (Utah 2012).

[52] *Id.* at 1166 (quotations and citation omitted).

of the proceeding"; and (3) "been made by someone acting in the capacity of judge, juror, witness, litigant, or counsel."[53] If all three elements are satisfied, the judicial proceedings privilege confers absolute immunity from libel claims.[54]

Mr. Sherratt's allegations undoubtedly relate to statements of the State Defendants and the Iron County Defendants that: (1) were made in judicial proceedings, (2) refer to the subject matter of the proceedings, and (3) were made in roles covered by the privilege. Because all three elements are met, Mr. Sherratt's libel claims are barred by Utah's judicial proceedings privilege and, accordingly, should be dismissed with prejudice.

B. Mr. Sherratt's Libel Claims Are Barred by the UGIA.

In addition to being barred by the judicial proceedings privilege, Mr. Sherratt's libel claims are barred by the UGIA. The UGIA "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority."[55] The UGIA also provides that "[a] governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in this chapter."[56] As it relates specifically to Mr. Sherratt's libel claims, the UGIA preserves immunity for negligence claims where the injury is caused by libel or slander by providing that

---

[53] *Price v. Armour*, 949 P.2d 1251, 1256 (Utah 1997).

[54] *Id.* at 1258.

[55] Utah Code Ann. § 63G-7-101(2)(b).

[56] *Id.* § 63G-7-101(3); *see also Cunningham v. Weber Cnty.*, 506 P.3d 575, 581 (Utah 2022) ("The [UGIA] codifies the broad immunity that a sovereign traditionally enjoys from legal action . . . .").

> [a] governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from . . . libel [or] slander.[57]

The libel and slander provision of the UGIA bars libel and slander claims against governmental entities and their employees.[58]

Mr. Sherratt asserts libel claims against the State Defendants and the Iron County Defendants, and both of those groups consist of Utah governmental entities and their employees. Thus, the UGIA bars Mr. Sherratt's libel claims, and they should be dismissed with prejudice.

**VI.    Mr. Sherratt's Complaint Fails to Satisfy the Minimum Pleading Standards of Rule 8 With Respect to Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, Mr. Garrett, Mr. Sherratt's Claims Under §§ 1983 and 1985 for Violations of the United States Constitution, and Mr. Sherratt's Claims for Violations of the Utah Constitution.**

Although Mr. Sherratt names Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, and Mr. Garrett as defendants in the caption of his amended complaint, he fails to include any substantive allegations about any of those individuals. Thus, Mr. Sherratt fails to put those individuals on any sort of notice of the basis for the claims against them, which violates the basic requirements of Rule 8.[59] Therefore, Mr. Sherratt's claims against Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, and Mr. Garrett should be dismissed with prejudice.

---

[57] Utah Code Ann. § 63G-7-201(4)(b).

[58] *See, e.g.*, *Pingree v. Univ. of Utah*, No. 2:20-CV-00724-JNP-CMR, 2022 WL 1307902, at *5 (D. Utah May 2, 2022).

[59] *Abreu v. Davis Cnty.*, No. 1:21-CV-129-RJS, 2021 WL 5399423, at *1 (D. Utah Nov. 18, 2021) ("Rule 8's requirements mean to guarantee that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." (quotations and citation omitted)).

Similarly, Mr. Sherratt's amended complaint fails to satisfy the minimum pleading standards of Rule 8 with respect to his claims under §§ 1983 and 1985 for violations of the United States Constitution and his claims for violations of the Utah Constitution. Mr. Sherratt makes passing references to the First Amendment, Fourteenth Amendment, and certain portions of the Utah Constitution, but he fails to provide any well-pleaded factual allegations to show how the State Defendants or the Iron County Defendants violated any of those constitutional provisions. Thus, he again fails to provide any notice to the State Defendants or the Iron County Defendants of the basis for his claims against them. Consequently, Mr. Sherratt's claims under §§ 1983 and 1985 for violations of the United States Constitution and his claims for violations of the Utah Constitution should be dismissed with prejudice.[60]

## RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS:

1. The State Defendants' motion to dismiss[61] and the Iron County Defendants' motion for judgment on the pleadings[62] both be GRANTED.

2. This case be DISMISSED WITH PREJUDICE.

---

[60] Neither the State Defendants nor the Iron County Defendants argue that Mr. Sherratt's amended complaint fails to satisfy the minimum pleading requirements of Rule 8 with respect to his claims under §§ 1983 and 1985 for violations of the United States Constitution and his claims for violations of the Utah Constitution. However, the court raises that issue sua sponte under Rule 12(b)(6), as it is permitted to do in pro se matters when it is clear that the plaintiff fails to even state an arguable claim for relief. *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

[61] ECF No. 26.

[62] ECF No. 34.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[63] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[64] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 23rd day of August 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[63] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[64] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).