THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM SHERRATT,<br><br>                          Plaintiff,<br><br>v.<br><br>ROBERT BRAITHWAITE, et al.,<br><br>                          Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT & RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**<br><br>Case No. 4:23-CV-00076-DN-JCB<br><br>District Judge David Nuffer |

       The Report and Recommendation[1] issued by United States Magistrate Judge Jared C. Bennett on August 23, 2024, recommends that the State Defendants' Motion to Dismiss[2] and the Iron County Defendants' Motion for Judgment on the Pleadings[3] be granted and the case be dismissed with prejudice.[4] Judge Bennett notified the parties of their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).[5] Plaintiff timely filed an Objection on September 3, 2024.[6]

       De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before Judge

---

[1] Report and Recommendation, docket no. 50, filed August 23, 2024.

[2] Motion to Dismiss for Failure to State a Claim, docket no. 26, filed November 17, 2023.

[3] Motion for Judgment on the Pleadings, docket no. 34, filed December 18, 2023.

[4] The State Defendants include Defendants Judge Robert Braithwaite ("Judge Braithwaite"), Judge Matthew Bell ("Judge Bell"), Judge Ann Marie McIff Allen ("Judge Allen"), Judge Michael Westfall ("Judge Westfall"), Judge Keith Barnes ("Judge Barnes"), Patrick Nolan ("Mr. Nolan"), Mark Shurtleff ("Mr. Shurtleff"), John Swallow ("Mr. Swallow"), Sean Reyes ("Mr. Reyes"), Erin Riley ("Ms. Riley"), Heather Chesnut ("Ms. Chesnut"), the Utah Fifth District Court, and the Utah Attorney General's Office. The Iron County Defendants are comprised of Scott Burns ("Mr. Burns"), David Doxey ("Mr. Doxey"), Mark Gower ("Mr. Gower"), Trajan Evans ("Mr. Evans"), Scott Garrett ("Mr. Garrett"), and the Iron County Attorney's Office.

[5] Report and Recommendation at 16.

[6] Objection to 50 Report and Recommendation, docket no. 52, filed September 3, 2024.

Bennett and the reasoning set forth in the Report and Recommendation.[7] The analysis and conclusions of Judge Bennett are correct. Therefore, the analysis and conclusion of Judge Bennett are accepted and the Report and Recommendation[8] is ADOPTED in its entirety, and Mr. Sherratt's subsequent objections are OVERRULED.

## BACKGROUND

As discussed in the Report and Recommendation, Plaintiff was convicted by a jury in Utah State Fifth District Court of two counts of rape.[9] Mr. Sherratt's presentence report recounted Mr. Sherratt's offenses against the victim, which began in 1993 and ended in 1995 when the victim was 15 years old.[10] Judge Braithwaite entered an order that identified Mr. Sherratt's charges as "RAPE OF A CHILD."[11] Mr. Sherratt subsequently appealed his conviction, and the Utah Court of Appeals affirmed it on June 28, 2001.

Mr. Sherratt filed this case in Utah State Fifth District Court, and the State Defendants and the Iron County Defendants subsequently removed it to this court. Mr. Sherratt asserts approximately a dozen allegations[12] to support his claims under 42 U.S.C. § 1983, 42 U.S.C. §

---

[7] 28 U.S.C. § 636(b).

[8] Report and Recommendation at 1-16.

[9] *Id.* at 2.

[10] *Id.* at 2.

[11] *Id.* at 2.

[12] Mr. Sherratt alleges: (1) he was defamed when Judge Braithwaite entered orders characterizing Mr. Sherratt's offense as a "rape of a child"; (2) his rights were violated when Judge Braithwaite "ignored" another person's admission to the rapes of which Mr. Sherratt was accused when Judge Braithwaite was considering Mr. Sherratt's habeas corpus petition; (3) Judge Braithwaite failed to correct his commitment orders before sending them to the Utah Board of Pardons and Parole; (4) judges who decided his criminal and civil cases violated his rights when they referred to or relied upon the court records related to his conviction; (5) Judge Westfall and Judge Barnes "support[ed] libel" when they relied upon Judge Braithwaite's orders and denied Mr. Sherratt habeas relief; (6) his rights were violated when Judge Bell characterized Mr. Sherratt's offenses as "rape of a child" when denying Mr. Sherratt's motion to strike a restitution order; (7) his rights were violated when Judge Allen denied his challenge to Judge Bell's order and his motion to disqualify Judge Bell; (8) every attorney who represented the State of Utah in his civil and criminal cases violated his rights when they used the phrase "rape of a child" in court filings; (9) his rights were violated when Ms. Riley and Mr. Swallow relied upon court records from Mr. Sherratt's criminal case and used the phrase "rape of a child" in a filing opposing Mr. Sherratt's habeas petition in the Utah Supreme Court;

1985, libel, and violations of the Utah Constitution.[13] Judge Braithwaite's Report and Recommendation dismissed all of Mr. Sherratt's claims, and Mr. Sherratt filed an Objection in response.

## DISCUSSION

Mr. Sherratt's pro-se Objection is hard to follow, and is construed liberally and to a far "less stringent standard than formal pleadings drafted by lawyers."[14] In his Objection, Mr. Sherratt most coherent objections argue: (1) Judge Bennett's decision ignores Article 1 Section 15 of the Utah Constitution;[15] (2) Defendants were also sued in their individual capacity;[16] and (3) the Amended Complaint contains sufficient allegations to proceed to a jury trial.[17] The Objection recites other grievances which all lack substance.

As an initial matter, Plaintiff's Objections fail to specifically challenge the Report and Recommendation's findings, conclusions, and analysis regarding six important issues:

(1) Plaintiffs' claims under §§ 1983 and 1985 fail because none of the State Defendants or the Iron County Defendants is a person subject to liability under these provisions;[18]

(2) the five judges that Plaintiff sued are entitled to absolute judicial immunity;[19]

---

(10) Ms. Chesnut violated his rights when she wrote he raped a child in a motion for summary judgment she filed in Utah State Third District Court; (11) Mr. Reyes was somehow involved with that motion for summary judgment; and (12) Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett were somehow involved in the prosecution that violated his rights. Report and Recommendation 2-5.

[13] Report and Recommendation at 5; Amended Complaint at 26.

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] Objection at 4, 13.

[16] Objection at 8.

[17] Objection at 10.

[18] Report and Recommendation at 8.

[19] Report and Recommendation at 9.

(3) Mr. Swallow, Ms. Riley, Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett are entitled to absolute prosecutorial immunity;[20]

(4) Mr. Reyes and Ms. Chesnut are entitled to absolute immunity as state advocates;[21]

(5) Plaintiff's libel claims are barred;[22] and

(6) Plaintiff's Complaint fails to satisfy the minimum pleading standards of Rule 8 with respect to Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, Mr. Garrett, for Plaintiff's claims Under §§ 1983 and 1985 for violations of the United States Constitution, and Plaintiff's claims for violations of the Utah Constitution.[23]

Plaintiff's failure to specifically object to these portions of the Report and Recommendation constitutes a waiver of objection to these portions of the opinion.[24] Judge Bennett's findings, conclusions, and analysis regarding these portions of the Report and Recommendation are after review, correct. Therefore, these portions of the Report and Recommendation are ADOPTED. Additionally, all of Mr. Sherratt's objections, as detailed below, lack merit.

**A.      Article 1 Section 15 of the Utah Constitution does not apply to Mr. Sherratt's claims**

Mr. Sherratt argues Judge Bennett's decision ignores Utah's constitutional wording on libel in Article 1 Section 15 of the Utah Constitution.[25] Mr. Sherratt reasons: "immunity does not control, the Constitutional express wording does."[26] Article 1 Section 15 of the Utah Constitution states:

> No law shall be passed to abridge or restrain the freedom of speech or of the press. In all criminal prosecutions for libel the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is

---

[20] Report and Recommendation at 10-11.

[21] Report and Recommendation at 11-12.

[22] Report and Recommendation at 12-14.

[23] Report and Recommendation at 14-15.

[24] *McDaniels v. Goff*, 646 Fed. App'x 609, 611 (10th Cir. 2016) (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)).

[25] Objection at 4.

[26] Objection at 4.

true, and was published with good motives, and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact.[27]

Article 1 Section 15 does not address judicial, prosecutorial, or any other type of immunity as Mr. Sherratt's Objection suggests. Mr. Sherratt's argument is underdeveloped and without validity.[28]

### B.  Mr. Sherratt did not assert any accusations against the judges, prosecutors, or government attorneys in their individual capacities

Mr. Sherratt argues that his asserted claims are sufficient to strip the judges, prosecutors, and government attorneys of their immunities.[29] Mr. Sherratt is mistaken, and these defendants are entitled to immunity because Mr. Sherratt's allegations are related to: (1) the judges' conduct that was integral to the judicial process; (2) the prosecutors' conduct that was integral to their position as advocates; and (3) government attorneys' actions when they were acting in their official capacity.

#### 1.  Mr. Sherratt did not assert any accusations against Judge Braithwaite, Judge Bell, Judge Allen, Judge Westfall, and Judge Barnes in their individual capacity and they are entitled to absolute judicial immunity

"Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority."[30] To determine whether a person has judicial immunity, a reviewing court analyzes:

> the specific work or function performed. If the acts were committed "in the performance of an integral part of the judicial process," the policies underlying

---

[27] Utah Const. art. I, § 15.

[28] *Valdez v. Macdonald*, 66 F.4th 796, 834 (10th Cir. 2023) (holding an argument is waived for being conclusory, underdeveloped, and inadequately briefed).

[29] Objection at 6.

[30] *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990).

judicial immunity apply and immunity should be granted.[31]

In other words, "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches."[32] "Under Utah law, an absolute privilege is available to protect participants in judicial proceedings from claims for damages stemming from their actions."[33]

All of Mr. Sherratt's claims against the five judges rely on allegations on judicial conduct that is integral to the judicial process. Specifically, Mr. Sherratt alleges the judges: (1) defamed him in their written orders by characterizing his offense as a "rape of a child";[34] (2) violated his rights when they ignored his arguments in his habeas petitions;[35] (3) failed to correct documents before the documents were sent to the Utah Board of Pardons;[36] (4) supported libel when they relied upon an earlier order that denied Mr. Sherratt habeas relief;[37] (5) described his offense as a "rape of a child" in a civil order;[38] (6) violated his rights when they relied on earlier orders that described his offense as a "rape of a child";[39] and (7) violated his rights by denying his motion to disqualify another judge.[40] All of the judges' alleged actions were an integral part of the judicial process and they are entitled to absolute judicial immunity for the alleged misconduct.

---

[31] *Parker v. Dodgion*, 971 P.2d 496, 498 (Utah 1998) (citations omitted).

[32] *Parker v. Dodgion*, 971 P.2d 496, 498 (Utah 1998) (emphasis in original).

[33] *Cline v. State, Div. of Child & Fam. Servs.*, 142 P.3d 127, 138 (Utah Ct. App. 1996) (citing *Price v. Armour,* 949 P.2d 1251, 1256 (Utah 1997) ("[J]udges, jurors, witnesses, litigants, and counsel in judicial proceedings have an absolute privilege against defamation.") (quotations and citations omitted).

[34] Report and Recommendation at 2.

[35] *Id*.

[36] *Id*. at 3.

[37] *Id*. at 4.

[38] *Id*. at 4.

[39] *Id*. at 3-4.

[40] *Id*. at 4.

## 2. Mr. Swallow, Ms. Riley, Mr. Burns, Mr. Doxey, Mr. Evans, and Mr. Garrett are entitled to absolute prosecutorial immunity

Mr. Sherratt alleges that his rights were violated when: (1) Ms. Riley filed a motion on behalf of the State of Utah in a habeas case in the Utah Supreme Court;[41] (2) Mr. Swallow added his signature to a motion that was filed against Mr. Sherratt;[42] and (3) Mr. Burns, Mr. Doxey, Mr. Evans, and Garrett took various actions related to Mr. Sherratt's criminal case.[43] "In considering whether the prosecutor's actions are absolutely privileged, the Supreme Court has adopted a functional approach that looks to the nature of the function performed, not the identity of the actor who performed it."[44] "[T]o prevail on a defense of absolute immunity, the prosecutor must meet his burden of establishing that he was functioning as an advocate at the time of the challenged conduct."[45] Judge Bennett correctly concluded that these defendants were functioning as advocates when they were engaging in their alleged conduct; these defendants are entitled to absolute immunity; and Mr. Sherratt's arguments to the contrary are overruled.

## 3. Mr. Reyes and Ms. Chesnut are entitled to absolute immunity as state advocates

Mr. Sherratt alleges that Mr. Reyes and Ms. Chesnut filed documents that: (1) stated he "raped a child" in a summary judgment motion that they filed in a case where they were defending the state of Utah; and (2) falsified his status with the Board of Pardons.[46] The statements of Mr. Reyes and Ms. Chesnut in motion papers are immune because they were acting

---

[41] *Id.* at 10.

[42] *Id.* at 10.

[43] *Id.* at 10; Amended Complaint, docket no. 2-4, at 8-9, 25 filed September 25, 2023 (alleging that Mr. Burns is liable for the actions that he took in Mr. Sherratt's criminal trial and appeal); Amended Complaint at 25 (alleging Mr. Doxey is liable for aiding in the appeal against Mr. Sherratt); Amended Complaint at 17 (alleging that Mr. Evans filed a document that stated Mr. Sherratt raped a child); Amended Complaint at 4-5 (indicating that Mr. Garrett is liable for acting in his role as an Iron County Attorney in Mr. Sherratt's criminal case).

[44] *Cline v. State, Div. of Child & Fam. Servs.*, 142 P.3d 127, 133 (Utah Ct. App. 1996).

[45] *Cline*, 142 P.3d at 133.

[46] Objection at 7.

as government attorneys engaged in litigation functions undertaken in their official capacity.[47] Mr. Sherratt does not explain in his Amended Complaint or Objection why his allegation regarding the filing with the Board of Pardons is any different. [48] Specifically, Mr. Sherratt does not explain which facts were altered in the filings to the Board of Pardons or the legal theory that supports these allegations.[49]

### C. Mr. Sherratt's Complaint fails to satisfy the minimum pleading standards of Rule 8 with respect to his claims against Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, Mr. Garrett under §1983, §1985, the United States Constitution, and the Utah Constitution

Mr. Sherratt names Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, and Mr. Garrett as defendants in the caption of his amended complaint, but he fails to include any substantive allegations about any of those individuals. Mr. Sherratt fails to give these defendants fair notice of these claims and the ground upon which they rest.[50] These claims are dismissed and Mr. Sherratt's objections to the contrary[51] are overruled.

---

[47] *Jenner v. Brightwell*, No. 14-CV-00916-RBJ-KMT, 2015 WL 1042065, at *5 (D. Colo. Mar. 6, 2015) ("Absolute immunity, however, is not limited to the criminal context. . . . [A]bsolute immunity applies to protect government counsel for their actions in defending civil suits."); *Benavidez v. Howard*, 931 F.3d 1225, 1232 (10th Cir. 2019) ("[A] government defense attorney who, in the course of a civil adjudication, prepares a motion and arranges for the presentation of evidence on the court record by way of affidavit in support of the motion, is absolutely immune from a collateral § 1983 suit for damages based on the filing of such motion and affidavit."); *Van Deelen v. City of Kansas City, Mo.*, No. CIV.A. 05-2028, 2005 WL 3050151, at *8 (D. Kan. Nov. 14, 2005) ("Absolute immunity has been stretched beyond the criminal process to cover conduct in civil proceedings where the government attorney is operating in an enforcement role and advocating for the state 'in initiating and prosecuting judicial proceedings.' ").

[48] *Valdez v. Macdonald*, 66 F.4th 796, 834 (10th Cir. 2023) (holding an argument is waived for being conclusory, underdeveloped, and inadequately briefed).

[49] Objection at 6 ("They also sent their own documents containing the same falsity to the Board of Pardons and the prison."); Amended Complaint at 18 ("Utah Attorney General Sean Reyes, and Assistant Attorney General Heather Chesnut . . . falsified my status in Board process between 2015 and 2022, in an attempt to get their Motion to Dismiss[.]").

[50] *In re Roberts*, No. 20-3182, 2021 WL 4438744, at *1 (10th Cir. Sept. 28, 2021) ("Rule 8 states that '[a] pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that allegations 'must be simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1). The purpose behind Rule 8 is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.' ").

[51] Mr. Sherratt argues that he has an inherent right to a jury determination for his lawsuit. Objection at 10. This argument is wrong and overlooks Federal Rules of Civil Procedure 12(b), 12(c), 50, 55, and 56. Fed. R. Civ. P. 12(b)-(c); Fed. R. Civ. P. 50; Fed. R. Civ. P. 55; Fed. R. Civ. P. 56.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[52] is ADOPTED. The State Defendants' Motion to Dismiss for Failure to State a Claim[53] is GRANTED. The Iron County Defendants' Motion for Judgment on the Pleadings[54] is GRANTED, Mr. Sherratt's lawsuit is DISMISSED with prejudice, and his Objections[55] are OVERRULED.

The Clerk is directed to close this case.

Signed September 26, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[52] Report and Recommendation, docket no. 50, filed August 23, 2024.

[53] Motion to Dismiss for Failure to State a Claim, docket no. 26, filed November 17, 2023.

[54] Motion for Judgment on the Pleadings, docket no. 34, filed December 18, 2023.

[55] Objection to 50 Report and Recommendation, docket no. 52, filed September 3, 2024.